B1 Official Form 1 (1/08) — Page 1

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle): Special Devices, Incorporated | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 95-3008754 | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State): 14370 White Sage Rd, Moorpark, California   ZIP CODE 93021 | Street Address of Joint Debtor (No. & Street, City, State):   ZIP CODE |
| County of Residence or of the Principal Place of Business: Ventura County, California | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):   ZIP CODE | Mailing Address of Joint Debtor (if different from street address):   ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) See Exhibit D on page 2 of this form.
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over-100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimates Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 Million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**Estimates Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

RLF1-3345151-1

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Special Devices, Incorporated** | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District:<br>District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)       Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒ Yes, and Exhibit C is attached and made a part of this petition.

☐ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))

B1 Official Form 1 (1/08)                                                       Page 3

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): Special Devices, Incorporated |
|---|---|

**Signatures**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor
X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

Date

**Signature of Attorney***

X /s/ *[signature]*
Signature of Attorney for Debtor(s)
Mark D. Collins, Esq.
Printed Name of Attorney for Debtor(s)
Richards, Layton & Finger, P.A.
Firm Name
920 N. King Street, One Rodney Square
Address
Wilmington, Delaware 19801
(302) 651-7700
Telephone Number
December 15, 2008
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ *[signature]*
Signature of Authorized Individual
Harry Rector
Printed Name of Authorized Individual
Chief Financial Officer
Title of Authorized Individual
December 15, 2008
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## CERTIFICATE OF THE ASSISTANT SECRETARY
## OF SPECIAL DEVICES, INCORPORATED

Dated: December 12, 2008

I, Harry Rector, Assistant Secretary of Special Devices, Incorporated, a Delaware corporation (the "Company"), do hereby certify the following on and as of the date hereof:

(i) I am the duly elected, qualified and acting Assistant Secretary of the Company;

(ii) attached as Annex A hereto is a true, accurate and complete copy of the resolutions (the "Resolutions") adopted by a unanimous vote of the Company's Board of Directors at a meeting of the Board of Directors duly held on December 12, 2008;

(iii) such Resolutions were adopted by the Board of Directors in accordance with the By-Laws of the Company;

(iv) such Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof; and

(v) such Resolutions are the only resolutions relating to the subject matter thereof adopted by the Board of Directors, or any committee of the Board of Directors.

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of the date first set forth above.

_____
Name: Harry Rector
Title: Assistant Secretary

## ANNEX A

RLF1-3349346-1

**Special Devices, Incorporated**

**Resolutions Approving Bankruptcy Filing and Related Matters**

**December 12, 2008**

WHEREAS, in the judgment of the Board of Directors of Special Devices, Incorporated, a Delaware corporation (the "Company"), it is desirable and in the best interests of the Company to file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the Board of Directors wishes to approve such action; and

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company that the Company shall be, and the Company hereby is, authorized to file the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and be it

FURTHER RESOLVED, that the law firm of Richards, Layton & Finger, P.A. shall be, and hereby is, employed as bankruptcy counsel for the Company under a general retainer; and be it

FURTHER RESOLVED, that the law firm of Gibson, Dunn & Crutcher LLP, shall be, and hereby is, employed as special corporate counsel for the Company under a general retainer and be it

FURTHER RESOLVED, that each of the officers and acting officers of the Company (each an "Authorized Officer," and together the "Authorized Officers"), shall be and hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed the Petition, including the schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition; and be it

FURTHER RESOLVED, that each Authorized Officer is hereby authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed requests for first-day relief from the Bankruptcy Court, which shall include some or all of the following requests (i) for authority to maintain existing bank accounts, (ii) for authority to provide adequate assurance to utilities, (iii) for authority to pay employees' prepetition compensation, (iv) for authority to continue insurance programs, (v) for authority to pay sales and use taxes, and (vi) similar motions that such Authorized Officer may deem necessary, proper, or desirable in connection with the Petition, with a view to the successful prosecution thereunder; and be it

FURTHER RESOLVED, that each Authorized Officer is hereby authorized, directed and empowered, in the name of and on behalf of the Company, (i) to take or cause to be taken any and all actions, (ii) to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (iii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or

advisable under the laws or regulations of any jurisdiction, and (iv) to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by such Authorized Officer to be conclusive evidence of such approval; and be it

FURTHER RESOLVED, that each Authorized Officer of the Company shall be, and hereby is, authorized, directed and empowered in the name of and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute and deliver (i) a debtor in possession loan facility (the "DIP Credit Facility"), on the terms the Authorized Officers may deem necessary or appropriate for the consummation of the transactions contemplated thereby, and (ii) in connection with the DIP Credit Facility, such agreements, certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the execution and delivery of the DIP Credit Facility (collectively, the "Financing Documents"); and be it

FURTHER RESOLVED, that the proceeds of the DIP Credit Facility shall be used (i) to satisfy the obligations of the Company, (ii) to pay for fees and expenses associated with the DIP Credit Facility, (iii) to continue the conduct of the affairs of the Company under chapter 11, and (iv) for general corporate purposes; and be it

FURTHER RESOLVED, that (i) the Authorized Officers of the Company shall be, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, deliver and perform such agreements, certificates, instruments, notices and any and all other documents to provide any creditors of the Company with "adequate protection" under the Bankruptcy Code in connection with the financing transactions entered into by the Company as debtor and debtor in possession, the use of cash collateral and/or the DIP Credit Facility or otherwise, all as may be required by the Bankruptcy Court, including, without limitation, the granting of any liens on any property of the Company, the allowance of postpetition claims with administrative expense status, the execution of additional mortgages, pledge agreements, security agreements, or other agreements, and/or the payment of funds whether representing adequate protection payments, principal and/or interest payments or other payments, to such junior creditors (collectively, the "Adequate Protection Actions"), (ii) any documents executed in connection with and in furtherance of the Adequate Protection Actions containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officers hereby are approved, and (iii) the actions of the Authorized Officers taken pursuant to this resolution, including the execution, delivery, and performance of all agreements, certificates, instruments, notices and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company; and be it

FURTHER RESOLVED, that each Authorized Officer is hereby authorized, directed and empowered to cause the Company and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of

governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Officer shall be necessary, proper, and desirable to prosecute to a successful completion the Company's bankruptcy case and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it

FURTHER RESOLVED, that notwithstanding anything contrary in the foregoing resolutions, in the event that any action to be taken by an Authorized Officer in furtherance of the foregoing resolutions is anticipated by such Authorized Officer to adversely affect, or if the Company is advised by its counsel that such action is reasonably likely to adversely affect, the interests of the Company in favor of the interests of any of the Company's Affiliates (as such term is defined in section 101(2) of the Bankruptcy Code), the Authorized Officers shall have no authority to take such action unless approved by the independent members of the Board of Directors; and be it

FURTHER RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Company by the Authorized Officers prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

B1 Official Form 1 (1/08)                                                              Page 4

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIAL DEVICES, INCORPORATED, a Delaware corporation, | Case No. 08-_____ ( ) |
| Debtor. | |
| Tax I.D. No. 95-3008754 | |

### EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Special Devices, Incorporated uses pyrotechnic materials in the manufacturing of its products. The pyrotechnic materials are stored in magazines, are processed in blending rooms and are incorporated into end product on manufacturing lines. In addition, hazardous waste is stored on-site in 55 gallon waste drums until pick up by hazardous waste disposal firms within 90 days of accumulation. The above-referenced materials are found in the Moorpark, California facility and the Mesa, Arizona facility.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

<u>Moorpark, California facility:</u>
29 Magazines: Storage of all pyrotechnic materials
Blending Building: No pyrotechnic storage
Manufacturing Line Buildings 100 and 200: No pyrotechnic storage
Finished Goods Storage: Building 100
Hazardous waste temporary storage: Building 600 and magazines A and B

<u>Mesa, Arizona facility:</u>
32 Magazines: Storage of all pyrotechnic materials
Blending Buildings 9 and 12: No pyrotechnic storage
Manufacturing Line Building 2: No pyrotechnic storage
Finished Goods Storage: Building 34
Hazardous waste temporary storage: Buildings 37 and 38

B1 Official Form 1 (1/08)                                                                                           Page 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIAL DEVICES, INCORPORATED, | ) Case No. 08-_____ (   ) |
| a Delaware corporation, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 95-3008754 | ) |

## LIST OF CREDITORS HOLDING
## 30 LARGEST UNSECURED CLAIMS

The above captioned debtor in this chapter 11 case (the "Debtor") filed a voluntary petition in this Court on December 15, 2008 (the "Petition Date") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The list has been derived from the books and records of the Debtor. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtor. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of any such claim.

[Creditor Listing Begins on Next Page]

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| United States Trust Company of New York 114 West 47th Street 25th Floor New York, NY 10036 ATTN: Corporate Trust Department | 212-852-1674 | | | $77,779,658.75 |
| Schott Electronic Packaging LA Dvorkova 997 CR-56301 Lanskroun, Czech Republic | 303-277-4525 AR | | | $1,839,344.60 |
| Hermetic Seal Corporation 4232 Temple City Blvd. Rosemead, CA 91770 | Grace 626-443-8931 | | | $1,807,862.58 |
| Wiley Rein LLP 1776 K Street NW Washington, DC 20006 | James Wallace 202-719-7240 | | | $1,622,320.07 |
| J.F. Lehman & Company, Inc. 2001 Jefferson Davis Highway Suite 607 Arlington, VA 22202 | Christine Rudisill 703-418-6099 | | | $553,466.04 |
| Truelove & MacLean, Inc. P.O. Box 268 57 Callender Road Watertown, CT 06795 | Margaret 203-596-3386 | | | $325,281.84 |
| Ventura County Tax Collector Tax Collector 800 South Victoria Ave. Ventura, CA 93009 | 805-654-3744 | | | $215,146.32 |
| Machine Laboratory, LLC 8040 Bond Lenexa, KS 66214 | Matthew Duffield 913-894-4300 | | Disputed | $175,534.08 |

B1 Official Form 1 (1/08)  Page 7

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Braxton Manufacturing Co., Inc. P.O. Box 429 Watertown, CT 06795 | 860-274-6781 | | | $130,745.54 |
| Law Offices of Fennemore Craig 1700 Lincoln Street Suite 2900 Denver, CO 80203 | Cameron Chandler 303-291-3209 | | | $127,302.09 |
| TAC Worldwide Companies P.O. Box 70107 Santa Ana, CA 92725 | 800-235-3070 | | | $117,966.79 |
| NetApp Financial Solutions 495 E. Java Drive Sunnyvale, CA 94089 | Bill Cronin 888-204-0799 | | | $103,000.00 |
| Genesis Plastics Tech, Inc. 1226 E. 18th Street Greeley, CO 80631 | F. Plastic Arts 970-356-3487 | | | $96,110.81 |
| Cesaroni Technology Inc. (U.S.) 1144 Tallevast Road Unit 108 Sarasota, FL 34243 | Kathy 905-887-2370 | | | $92,148.00 |
| Daicel Safety Systems LLC 720 Old Liberty Church Road Beaver Dam, KY 42320 | Dewayne Hays 270-730-2277 | | | $85,536.00 |
| Blank Rome LLP Watergate Eleventh Floor 600 New Hampshire Ave., NW Washington, DC 20037 | Christy Mayhan 202-944-3000 | | | $83,569.53 |

B1 Official Form 1 (1/08)                                                                                                   Page 8

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Chemetall Foote (F. Chemical) 348 Holiday Inn Drive Kings Mountain, NC 28086 | 704-739-2501 | | | $75,281.40 |
| Brown & White LLP 333 South Hope Street 36th Floor Los Angeles, CA 90071 | Alfredo Jarrion 213-603-0389 | | | $73,853.26 |
| Applimotion, Inc. 5915 Jetton Lane Loomis, CA 95650 | Robert Mastromaitai 916-652-3118 | | | $71,780.00 |
| Marman Industries, Inc. 1701 Earhart Court La Verne, CA 91750 | 909-392-2136 | | | $71,550.01 |
| GCA Services Group, Inc. P.O. Box 1235 Alamo, CA 94507 | 925-362-0712 | | | $70,953.10 |
| Viering, Jentschura & Partner Grillparserstr. 14 Munich, Germany 81675 | Hans-Martin Viering 01149-89-2106970 | | | $70,784.50 |
| DMC Manufacturing Corp. 444 N. Zachary Avenue #120 Moorpark, CA 93021 | 805-553-9932 | | | $69,807.35 |
| Polyone Distribution 990 East 107th Street Lemont, Il 60439 | 800-477-4305 | | | $59,272.64 |
| National Technical Services 20970 Centre Pointe Parkway Santa Clarita, CA 91350 | 661-259-8184 | | | $57,470.00 |
| Chemetall Foote Corp (ZR Eng) 3019 W. Windsor Avenue Phoenix, AZ 85009 | 602-272-0750 | | | $55,725.71 |

RLF1-3345151-1

B1 Official Form 1 (1/08)                                                                                         Page 9

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Precision Hermetic Technology<br>1940 W. Park Avenue<br>Redlands, CA 92373 | Jeannette Goforth<br>909-381-6011 | | | $51,890.76 |
| PricewaterhouseCoopers LLP<br>P.O. Box 31001-0068<br>Pasadena, CA 91110 | Paul Horgan<br>818-673-4604 | | | $50,000.00 |
| Accratronics Seal Corp.<br>2211 Kenmere Avenue<br>Burbank, CA 91504 | Corby Jones<br>818-843-1500 | | | $49,636.46 |
| ProPak<br>P.O. Box 464<br>Suite 515<br>7349 Via Paseo Del Sur<br>Scottsdale, AZ 85258 | | | | $46,658.84 |
| Seacor Piezo Ceramics<br>167 Pawson Road<br>Branford, CT 06405 | | | | $43,398.00 |

B1 Official Form 1 (1/08)                                                                                                  Page 10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIAL DEVICES, INCORPORATED, | ) Case No. 08-_____ (  ) |
| a Delaware corporation, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 95-3008754 | ) |

### DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS

I, Harry Rector, Chief Financial Officer and Assistant Secretary of Special Devices, Incorporated, declare under penalty of perjury that I have reviewed the foregoing List of Creditors Holding the Thirty Largest Unsecured Claims and that the information contained therein is true and correct to the best of my information and belief.

Dated: December 15, 2008

Name: Harry Rector
Title: Chief Financial Officer and Assistant Secretary

RLF1-3345151-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **SPECIAL DEVICES, INCORPORATED,** ) | Case No. 08-_____ ( ) |
| a Delaware corporation, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 95-3008754 ) | |

### LIST OF EQUITY SECURITY HOLDERS

The Equity Security Holders of the Debtor in the above-captioned case are:

| Name | Address | Equity Holdings |
|---|---|---|
| JFL Co-Invest Partners I, L.P. | c/o Donald Glickman<br>J.F. Lehman & Company<br>450 Park Avenue, 6th Floor<br>New York, NY 10022 | 1,206,144 shares of Common Stock<br><br>1,463 shares of Convertible Preferred Stock |
| J.F. Lehman Equity Investors I, L.P. | c/o Donald Glickman<br>J.F. Lehman & Company<br>450 Park Avenue, 6th Floor<br>New York, NY 10022 | 704,048 shares of Common Stock<br><br>2,128 shares of Convertible Preferred Stock |
| Neubauer Family Trust | c/o Walter Neubauer, Jr.<br>Conesys, Inc.<br>548 Amapola Street<br>Torrance, CA 90501 | 728,875 shares of Common Stock |
| BNP Paribas Principal Incorporated | c/o Clark C. King III<br>BNP Paribas<br>209 S. La Salle Street<br>Suite 500<br>Chicago, Il 60604 | 332,528 shares of Common Stock<br><br>403 shares of Convertible Preferred Stock |
| Thomas W. Cresante | 5091 Lakeview Canyon Road<br>Westalake Village, CA 91362 | 5,875 shares of Common Stock<br><br>6 shares of Convertible Preferred Stock |

B1 Official Form 1 (1/08)                                        Page 12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIAL DEVICES, INCORPORATED, a Delaware corporation, | ) Case No. 08-_____ ( ) |
| Debtor. | ) |
| Tax I.D. No. 95-3008754 | ) |

### DECLARATION CONCERNING THE DEBTOR'S LIST OF EQUITY SECURITY HOLDERS

I, Harry Rector, Chief Financial Officer and Assistant Secretary of Special Devices, Incorporated, declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders and that the information contained therein is true and correct to the best of my information and belief.

Dated: December 15, 2008

_____
Name: Harry Rector
Title: Chief Financial Officer and Assistant Secretary